**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**April 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* C.E.

**No. 20-0814** (Grant County 19-JA-49)


**MEMORANDUM DECISION**


Petitioner Father D.E., by counsel David C. Fuellhart III, appeals the Circuit Court of Grant County's September 18, 2020, order terminating his parental rights to C.E.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Katherine A. Campbell, filed a response in support of the circuit court's order. The guardian ad litem, Marla Zelene Harman, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his post-adjudicatory improvement period and his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court erred in terminating petitioner's parental rights when no evidence or testimony was presented at the dispositional hearing. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Given that this case turns on a purely legal issue, it is unnecessary to belabor the specific facts of the proceedings below. It is sufficient to explain that, in November of 2019, the DHHR filed a child abuse and neglect petition against petitioner and the mother alleging that petitioner left the child in the care of an individual who was physically unable to care for the child, that the parents abused drugs, that the parents associated with known drug dealers, that the parents' house was in deplorable condition, and that a firearm was found within the child's reach. Petitioner waived his preliminary hearing.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

At an adjudicatory hearing held in January of 2020, petitioner stipulated to the allegations of abuse and neglect contained in the petition. Specifically, petitioner stipulated that he failed to provide proper supervision for the child; allowed the child to live in an inappropriate home environment; and failed to provide a safe, stable, and clean residence for the child. The circuit court accepted petitioner's stipulation, adjudicated him as an abusing parent, and granted him a post-adjudicatory improvement period. The DHHR later alleged that petitioner was unsuccessful in his improvement period; however, the DHHR presented no sworn testimony in support of this allegation.

In September of 2020, the circuit court held a dispositional hearing. The circuit court noted its receipt of the DHHR's family case plan filed in accordance with Rule 29 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and took judicial notice of the testimony presented at prior hearings.[2] The four-minute hearing consisted of the DHHR's proffer that petitioner failed to maintain contact with the DHHR, failed to participate in services, and failed to visit with the child. Counsel for the DHHR stated, "[w]e had stipulations that they agreed to here [at adjudication], and I don't think they really put forth much of an effort to comply with anything that the [DHHR] has asked them to do." The caseworker reported that "[t]hey've cancelled several Home Base visits. They haven't seen the child since March." These statements are the extent of the proffer. Petitioner's counsel requested a continuance to allow petitioner time to undergo the evaluation; however, the circuit court denied the request.

By order entered on September 18, 2020, the circuit court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse or neglect in the near future and that termination was necessary for the child's welfare. The circuit court found that petitioner failed to materially participate in his improvement period, including failing to cooperate with treatment goals as delineated in the family case plan. The circuit court further found that petitioner was unwilling or unable to care for the child's needs and could "barely take care of [himself] in terms of sustaining employment and housing," and that petitioner also made "little to no contact" with his counsel and illustrated little interest in rectifying his parenting issues since the case's inception. The circuit court found that petitioner was unable to provide a safe home and seemingly abandoned the child due to his refusal to participate in services. Petitioner appeals the dispositional order terminating his parental rights to the child.[3]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there

---

[2]The record shows that at no point during any hearing below was any sworn testimony presented to the circuit court.

[3]The mother's parental rights were also terminated below. The permanency plan for the child is adoption by the foster parents.

is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

At the outset, we first address petitioner's erroneous assertion that the circuit court erred in terminating his post-adjudicatory improvement period. The record shows that a hearing was held in February of 2020 wherein petitioner reviewed the family case plan, indicated that he understood the treatment goals, and affirmed that he would comply with the same. By order entered on February 18, 2020, the circuit court ordered that petitioner's "Motion for an Adjudicatory Improvement Period is granted for a period of six (6) months and slated *to conclude on 10 August 2020*." (Emphasis added). As of the dispositional hearing held in September of 2020, the improvement period had already expired by its own terms. It was not, as petitioner contends, terminated by the court. Accordingly, we can discern no error on the part of the circuit court with regard to petitioner's post-adjudicatory improvement period.

To the extent that petitioner argues that he should have been granted an extension to his improvement period or a post-dispositional improvement period, we note that petitioner fails to cite to the record demonstrating that he requested either an extension or an additional improvement period. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). As such, this argument will not be considered on appeal.

Petitioner next argues that the circuit court erred in terminating his parental rights because it "did not give [him] any opportunity to argue for a dispositional improvement period." According to petitioner, the dispositional hearing lasted only four minutes, and the circuit court did not permit him to make any argument or provide any evidence. Second, petitioner claims that the circuit court should have imposed disposition pursuant to West Virginia Code § 49-4-604(c)(5).[4] According to petitioner, "guardianship was not even considered" by the circuit court. Rather, it "heard the proffer of the DHHR and the [guardian] and immediately terminated the parental rights of [petitioner] without even considering alternative dispositions."

---

[4]West Virginia Code § 49-4-604(c)(5) provides as follows:

Upon a finding that the abusing parent or battered parent or parents are presently unwilling or unable to provide adequately for the child's needs, commit the child temporarily to the care, custody, and control of the department, a licensed private child welfare agency, or a suitable person who may be appointed guardian by the court.

Pursuant to West Virginia Code § 49-4-601(h), "[i]n any proceeding pursuant to this article, the party or parties having custodial or other parental rights or responsibilities to the child shall be afforded a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses." Indeed, as this Court has held,

> "West Virginia Code, Chapter 49, Article [4], Section [601 (2015)], as amended, and the Due Process Clauses of the West Virginia and United States Constitutions prohibit a court or other arm of the State from terminating the parental rights of a natural parent having legal custody of his child, without notice and the opportunity for a meaningful hearing." Syl. Pt. 2, *In re Willis*, 157 W. Va. 225, 207 S.E.2d 129 (1973).

Syl. Pt. 3, *In re T.S.*, 241 W. Va. 559, 827 S.E.2d 29 (2019).[5] Here, it is clear that the circuit court violated petitioner's right to be heard. At a minimum, by failing to require the DHHR to present a single witness in support of its position at disposition, petitioner was not permitted to exercise his right to cross-examination.

This Court has previously held that "'[t]he standard of proof required to support a court order limiting or terminating parental rights to the custody of minor children is clear, cogent and convincing proof.' Syllabus Point 6, *In re: Willis*, 157 W.Va. 225, 207 S.E.2d 129 (1974)." Syl. Pt. 2, *In re Samantha M.*, 205 W. Va. 383, 518 S.E.2d 387 (1999). Here, the dispositional hearing lasted a mere four minutes and consisted of the briefest of unsworn statements by the DHHR and its counsel. While the order purports that the DHHR worker testified under oath, this is not reflected in the transcript from the hearing. Indeed, the record reveals that no sworn testimony was taken throughout the entirety of the proceedings. Moreover, although the docket sheet contains several DHHR "discovery" entries, it does not appear that the guardian ever filed a report. Given that no evidence was presented at the dispositional hearing, it can hardly be said that the DHHR met its burden of clear and convincing proof. Therefore, the termination of petitioner's parental rights was erroneous.

As we have explained,

> [w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order.

Syl. Pt. 5, *In re Edward B.*, 210 W. Va. 621, 624, 558 S.E.2d 620, 623 (2001). We find that the process established by our rules has been substantially disregarded or frustrated such that the

---

[5]While this holding specifically references a prior version of West Virginia Code § 49-4-601, the current version, enacted in May of 2019, retains language requiring that parents be provided a "meaningful opportunity to be heard, including the opportunity to testify."

dispositional order must be vacated, in part, and the matter remanded for the holding of a new dispositional hearing. where the DHHR shall present evidence in support of its recommendation. Additionally, petitioner must be provided the opportunity to cross-examine any witnesses presented or otherwise present any evidence he believes supports his position at disposition.

For the foregoing reasons, the September 18, 2020, dispositional order terminating petitioner's parental rights is vacated, in part, and this case is remanded with direction to the circuit court to hold a new dispositional hearing in keeping with the direction above.[6] This Court is not suggesting any outcome in vacating and remanding this matter. Rather, the desired result is that another hearing be held so that evidence may be presented and that the case be fully developed and properly resolved. Taking into consideration the length of time that this case has been pending, the circuit court is ordered to hold the new dispositional hearing without delay.

The Clerk is directed to issue the mandate in this case forthwith.

Vacated, in part, and Remanded with Directions.

**ISSUED**: April 20, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

[6]We note that the vacation of the September 18, 2020, dispositional order applies only to the circuit court's termination of petitioner's parental rights. Although the same order on appeal terminated the mother's parental rights to the child, the mother did not appeal the same. As such, this Court's vacation of the order on appeal does not apply to that portion of the order related to the mother, and the termination of her parental rights is unaffected by this memorandum decision.